DECISION
This matter came before the full Court on June 2, 2007. Associate Justice Mark D. Butterfield, Associate Justice Pro Tem-pore Rita A. Cleveland and Chief Justice Mary Jo B. Hunter, presiding, heard the matter. The Appellant, Mary Bernhardt, was represented by James Ritland. The Appellees, Ho-Chunk Nation and Ho-Chunk Nation Housing Department, were represented by Michelle Cleveland of the HCN Department of Justice.
*70 STATEMENT OF THE FACTS
This matter involves an appeal of a contract dispute involving the construction of a new home for the Appellant. On January 29, 1999, the Appellant entered into a contract with the Ho-^k Construction Company for the construction of a new home on tribal trust lands. On June 1, 2000, the Appellant signed the Ho-Chunk Nation Housing Department’s Statement of Property Inspection. In September of 2000, the Appellant was issued an occupancy permit which she signed. On December 19, 2000, the Ho-Chunk Nation Legislature issued a tribal resolution dissolving the Ho-C§k Construction Company. After that point, the Appellant began to complain to various entities about the house and its construction. On or about June 24, 2004, the Ho-Chunk Nation Legislature issued a resolution for a waiver “to allow the Ho-Chunk Nation Department of Housing to investigate, repair and fund the deficiency of the Ho-Cak Construction Company’s house construction for tribal elder Mary Bernhardt.” In November, 2004, the Ho-Chunk Nation Legislature denied the Appellant’s claim. (See Brief on Statute of Limitations, James Ritland, April 13, 2006, Trial Court Record.)
The Appellant filed her Complaint on March 14, 2005. Initially, the Appellant was represented by Lay Advocate Stuart Taylor. Later, she was represented by James Ritland. The Ho-Chunk Nation was represented by Michelle Cleveland, nee Greendeer, as well as Wendi Huling of the Department of Justice. A Motion for Summary Judgment was made on or about January 5, 2006 before the Hon. Tina Gouty-Yellow[1]. From the review of the Trial Court record, the parties briefed the issue but did not personally appear to make oral arguments on the Motion far Summary Judgment. Judge Gouty-Yellow did request that Attorney Huling provide the Court with Stipulated Facts. A review of the record below does not indicate that the facts that the parties agreed upon were not submitted to the Court or made a part of the record below. After the departure of Judge Gouty-Yellow, this matter was assigned to Judge Pro Tem-pore Kim Vele who issued a decision without a hearing on the Motion for Summatry Judgment. The decision of Judge Vele is before this Court on appeal.
ISSUES PRESENTED
I. Whether the Ho-Chunk Nation’s Statute of Limitations applies to this case?
II. Whether the Statute of Limitations prevented Ms. Bernhardt from bringing this claim when she previously pursued her claim with the Ho-Chunk Nation Department of Housing and the Ho-Chunk Nation Legislature until the end of 2004 when her claim was denied?
III. Whether the Ho-Chunk Nation Legislature waived the Statute of Limitations in the June 24, 2004 Resolution which directed an investigation and potential repair of the problems with the construction of Ms. Bernhardt’s house?
DISCUSSION
“Summary judgment is appropriate in cases where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Aleksandra Cichowski v. Four Winds Ins. Agency, LLC. Citation omitted.” This is the opening paragraph of the Decision rendered below on this matter. However, *71 this Court was unable to ascertain the lower court’s findings of fact as to what constituted the material facts that were not of a genuine issue. During Oral Arguments before this Court, both attorneys made references to matters which seemed to be genuine issues of material facts.
The record of the Trial Court indicates that a former attorney on the case was to have provided the summary of facts to the lower court. Yet, the record is devoid of those facts. The prior Judge, a prior Lay Advocate and a prior attorney all were part of this case. With the various changes in the people involved in this case, the factual record was not fully developed and recorded on this matter. When Judge Vele was assigned to the matter, she ruled on this case based on the record before her. It is understandable that she would have believed that the matter had been argued before the prior judge. However, this Court’s review of the trial court record has not found any hearing specifically on the Motion for Summary Judgment despite contentions to the contrary.
Based upon the Ho-Chunk Nation Constitution, this Court is unable to make findings of fact. HCN Constitution, Art. VII, Sec. 7(A). Although the decision below is based on a Motion for Summary Judgment, the lower court made its ruling without the benefit of a hearing. The Decision and Order is devoid of any findings of facts. Therefore, this Court holds that the matter is reversed and remanded for a hearing on the Motion for Summary Judgment. Since the Court is rendering this decision based on the lack of a hearing below, the arguments on appeal are not specifically addressed. This Court was unable to conduct a full appellate review based upon the lack of an adequate record from the Trial Court. To the extent feasible the Trial Court is instructed to make full findings of fact upon which it bases its decision.
EGI HESKEKJET.

. At the June 2, 2007 Oral Argument before this Court, Attorney Cleveland asserted that she had “argued [the Summary Judgment] verbally on December 13, 2005." The Trial Court record is devoid of any record of that hearing.